IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>4) ALBERT MARCIAL-SANTOS<br>Defendant | CRIMINAL 00-0845CCC |

# O R D E R

Before the Court are the Objections to the Pre-Sentence Report filed by defendant Albert Marcial Santos on November 28, 2005 (**docket entry 671**), the United States' Response in Opposition filed on December 6, 2005 (**docket entry 672**), and the Second Addendum to Pre-Sentence Report filed by the U.S. Probation Officer on December 6, 2005 (**docket entry 673**).

Defendant has raised objections to the two-level upward adjustments for possession of a firearm under U.S.S.G. §2D1.1(b)(1) and for role in the offense under U.S.S.G. §3B1.1(c). As to the first objection, given that the Court of Appeals remanded the case for resentencing after finding that the government "breached its plea agreement with [defendant] by encouraging a firearm enhancement," see Judgment of Court of Appeals (docket entry 634), and that the government has admitted that while there was no written plea agreement with defendant it had "agreed . . . in open court that it would not seek an enhancement for possession of firearms in relation to a drug trafficking offense," see United States' Notice to the Court in Compliance With Court Order (docket entry 664), the upward adjustment for possession of a firearm will not be applied. Thus, the objection to the two-level upward adjustment under U.S.S.G. §2D1.1(b)(1) is SUSTAINED.

Defendant also objects to the two-level upward adjustment under U.S.S.G. §3B1.1(c) for his supervisory role in the offense, claiming that the government's version of the facts as proffered during the change of plea hearing portrayed him as a mere member of the drug

CRIMINAL 00-0845CCC                         2

conspiracy but not as a leader, manager or supervisor. The government has rebuffed defendant's assertions by submitting excerpts from both the change of plea and sentencing hearings which reflect that defendant admitted in open court having assumed the control of the drug point at the Santiago Iglesias housing project after the death of its owner and up to the time of his arrest. The U.S. Probation Officer, in her Second Addendum, contends that the adjustment is applicable given the admissions of defendant during his sentencing hearing.

Having reviewed both excerpts, it is apparent that during the change of plea hearing defendant, under oath, accepted the government's depiction of him as the new leader of the Santiago Iglesias drug point after the death of its then owner, and that during the disposition hearing he specifically admitted that he ran the drug point for a period of at least three months. Moreover, during the change of plea hearing the government represented that the drug point sold at least 5 kilograms of cocaine, 1 kilogram of heroin, 50 grams of crack cocaine and 50 pounds of marihuana on a monthly basis. The magnitude of those sales necessarily entails a complex organization of, among others, runners, enforcers and lookouts, all of whom were obviously under the supervision of defendant during the time he managed the drug point. Thus, we have no trouble concluding, in light of defendant's admissions and the nature of the offense, that the two-level upward adjustment under U.S.S.G. §3B1.1(c) for his supervisory role in the offense was correctly applied in this case. U.S. v. Marrero-Ortíz, 160 F.3d 768, 779 (1st Cir. 1998). Accordingly, defendant's objection to the two-level upward adjustment under U.S.S.G. §3B1.1(c) is OVERRULED.

SO ORDERED.

At San Juan, Puerto Rico, on December 7, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge